**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
www.usdoj.gov/usao/or

Thomas S. Ratcliffe
Assistant U.S. Attorney
Thomas.Ratcliffe@usdoj.gov
(503) 727-1000
*Reply to Portland Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
William M. Narus
Acting United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

March 25, 2025

**VIA EMAIL**

Conor Huseby
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR 97204

   Re: *United States v. Mario Camarena-Zamora*, Case No. 3:22-cr-144-IM
     Plea Agreement Letter

Dear Mr. Huseby:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges**: Defendant agrees to plead guilty to the Indictment, which charges the crime of illegally reentering the United States following deportation, in violation of Title 8, United States Code, Section 1326.

3. **Penalties**: Due to defendant's felony convictions for: (a) Unlawful Delivery of Methamphetamine within 1,000 feet of a School in 2013, and (b) Fourth Degree Assault in 2005, and his subsequent removal in 2018, the maximum sentence in this case is 10 years of imprisonment, a fine of $250,000, three years of supervised release, and a $100 fee assessment. Defendant agrees to pay the $100 fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.

  Defendant understands that, because he is not a citizen of the United States, his guilty plea and conviction make it practically inevitable and a virtual certainty that he will be removed or deported from the United States. Defendant acknowledges and agrees that his attorney has explained this and that defendant still wants to plead guilty.

4. **Dismissal/No Prosecution**: The USAO agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

Conor Huseby
Re: Camarena-Zamora – Plea Letter
March 25, 2025
Page 2

---

5. **Elements and Factual Basis**: In order for defendant to be found guilty of Count 1 of the Indictment, the government must prove the following elements beyond a reasonable doubt:

    First, defendant is an alien;

    Second, defendant was denied admission, excluded, deported, removed, or departed the United States while an order of exclusion, deportation, or removal was outstanding; and

    Third, defendant thereafter was found in the United States without having first obtained permission from the Attorney General to reapply for admission to the United States from a place outside the United States.

    Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crime to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty plea. Defendant also agrees that the following facts are true and could be proven beyond a reasonable doubt.

    The government's investigation revealed that defendant is a citizen and native of Mexico. Defendant was formally removed from the United States May 2018. He was later located in Clackamas County, Oregon on February 1, 2022. Officers from Immigration and Customs Enforcement discovered his presence in Oregon after they received a referral from the Drug Enforcement Administration.

    When he was found in the District of Oregon in 2022, he had not received the express consent of the Attorney General or his successor, the Secretary of Homeland Security, to reapply for admission or to return to the United States.

6. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in Title 18, United States Code, Section 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard. The parties agree that a Presentence Report (PSR) will be prepared and will not be waived.

7. **Release and Detention**: Defendant agrees not to challenge his detention status or otherwise seek release from custody during the pendency of the instant matter.

8. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as

Conor Huseby
Re: Camarena-Zamora – Plea Letter
March 25, 2025
Page 3

---

explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

9. **Government's Proposed Guidelines Calculations**: In light of the nature and circumstances of this case, defendant's relevant conduct, and the sentencing factors to be considered under § 3553(a), the government proposes the following guideline calculations.

| | |
|---|---|
| Base Offense Level, USSG § 2L1.2(a): | 8 |
| Prior felony resulting in at least 24 months of Incarceration, USSG § 2L1.2(b)(2)(B): | + 8 |
| Obstructing or Impeding the Administration of Justice, USSG §3C1.1, by absconding from pretrial supervision, under App. Note 4(E) and *United States v. Draper*, 996 F.2d 982, 986 (9th Cir. 1993): | + 2 |
| Acceptance of responsibility, USSG § 3E1.1: | - 3 |
| Total offense level: | = 15 |

The government cautions that defendant's Assault in the Third Degree case in Yamhill County (22CR10671) may have resulted in a conviction that increases his offense level under USSG § 2L1.2(b)(3) and should be considered when preparing the PSR. The government cannot access information about the status of that case.

10. **Government's Sentencing Recommendation**: The government recommends a sentence at the low end of the applicable guideline range, followed by a three-year term of supervised release, if defendant demonstrates acceptance of responsibility as explained above.

11. **Additional Departures, Adjustments, or Variances**:

    A. Defendant reserves the right to seek a downward departure, adjustment, or variance from the applicable sentencing guideline range determined by the Court and understands that the government reserves its right to oppose such a request.

    B. Defendant agrees that, should defendant seek a downward departure, adjustment, or variance from the applicable guideline range determined by the Court, defendant will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if defendant fails to comply with this notice requirement, defendant will not oppose a government motion for a postponement of the sentencing hearing.

12. **Other Pending Charges**: Defendant acknowledges and is fully aware that if he has any other charges pending against him at the time he is sentenced in this case he may be required to serve any sentence ultimately imposed in that case consecutively to the sentence imposed in this case, and the parties so recommend.

13. **Waiver of Challenge to Removal**: In exchange for the benefits of this plea agreement, defendant expressly waives in this case or any other criminal proceeding any right to challenge the administrative order underlying any removal, deportation, or exclusion charged in the Indictment.

14. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence that exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). If defendant's conviction under this agreement is vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

15. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

16. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

17. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, he must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, he has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

Conor Huseby
Re: Camarena-Zamora – Plea Letter
March 25, 2025
Page 5

---

18. **No Further Concessions**: Defendant acknowledges that should he again unlawfully enter the United States following his conviction in this case, he will be afforded no plea or sentence concessions by the USAO and will be prosecuted to the full extent of the law.

19. **Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

20. **Deadline**: This plea offer expires if not accepted by **April 15, 2025, at 4:00 p.m.**

Sincerely,

WILLIAM M. NARUS
Acting United States Attorney


*/s/ Thomas S. Ratcliffe*
THOMAS S. RATCLIFFE
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

5/7/25
Date

Mario Camarena-Zamora,
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

5/7/25
Date

Conor Huseby,
Attorney for Defendant

Conor Huseby
Re: Camarena-Zamora -- Plea Letter
March 25, 2025
Page 6

---

    I fully and accurately translated this agreement to the above-named defendant as the interpreter in this case. I fully and accurately interpreted discussions between the defendant and the attorney.

_____             _N/A_____
Date                                                           Interpreter (if necessary)