SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
KATE A. ROCHAT, OSB #184324
Assistant United States Attorney
Kate.Rochat@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

### UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:22-cr-00144-IM |
| v. | GOVERNMENT'S SENTENCING MEMORANDUM |
| MARIO CAMARENA-ZAMORA | |
| Defendant. | |

### Introduction

The defendant is an alien and citizen of Mexico. He is before the Court for sentencing following a plea of guilty to Illegal Reentry in violation of 8 U.S.C. § 1326. The parties dispute whether an enhancement for obstruction of justice is applicable when calculating the defendant's guidelines. They also dispute what would be an appropriate sentence under 18 U.S.C.§ 3553(a). The government recommends that this Court find that an obstruction of justice enhancement is applicable, adopt the guidelines as calculated in the PSR, and impose the low-end of the guidelines, to be followed by a 3-year term of supervised release.

**Government's Sentencing Memorandum**                                                                                        **Page 1**

**Factual Background**

**A.    The Offense Conduct**

On February 1, 2022, ICE officers received an inquiry from the Drug Enforcement Administration (DEA) regarding Mario Camarena-Zamora (the defendant), who was the subject of an ongoing drug distribution investigation in Portland, Oregon. PSR ¶ 17. As a result, on 15 March 2022, Immigration and Customs Enforcement arrested the defendant in Canby, Oregon. PSR ¶ 18. ICE records indicated that the defendant had been removed from the United States on one prior occasion on May 29, 2018. PSR ¶ 18. Records further revealed that the defendant never applied for or received the required consent of the U.S. Attorney General or the Secretary for the Department of Homeland Security to apply for admission into the United States after having been deported.

After the defendant was taken into custody following his arrest, he was released on December 21, 2022, under pretrial supervision. PSR ¶ 16. On June 15, 2023, the Court issued a pretrial release violation warrant based on a pretrial petition that alleged that the defendant was absconding from supervision, failing to call his pretrial services officer, failing to comply with his conditions of Immigration and Customs Enforcement (ICE), failing to report for a random drug test, and changing his residence without prior approval. *Id.* The defendant was on abscond status until his arrest on the outstanding pretrial release violation warrant on January 27, 2025. *Id.*

**B.    The Charges**

On April 21, 2022, the grand jury charged the defendant in a 1 count indictment. Count 1 charged that on or about February 1, 2022, in the District of Oregon, defendant Mario Camarena-Zamora, an alien and citizen of Mexico, was found in the United States, having previously been

denied admission, excluded, deported, and removed from the United States as an alien on May 29, 2018, the defendant having knowingly and unlawfully re-entered, without the express consent of the Attorney General of the United States, or his successor, the Secretary for Homeland Security, to his reapplying for admission to the United States from a place outside the United States; in violation of 8 U.S.C. § 1326.

On May 7, 2025, the defendant pleaded guilty to the indictment pursuant to a plea agreement with the government.

### C. The Plea Agreement & Guideline Computations

Defendant agreed to plead guilty to the 1 count indictment, and in exchange, the government will, subject to the limitations set forth in the agreement, recommend that defendant receive a three-level reduction for acceptance of responsibility and the low-end of the resulting range.

The government agrees with the following PSR computations:

| Enhancement | Government's Position |
| --- | --- |
| USSG §2L1.2(a)—Base Offense level | 8 |
| USSG §2L1.2(b)(2)(B)—Prior Felony Offense Before First Removal (Sentence of 2 Years or More) | + 8 |
| USSG §3C1.1—Obstruction of Justice | + 2 (Contested by the Defendant) |
| USSG § 3E1.1 — Acceptance of Responsibility | -3 |
| **Government's Total Offense Level** | **15** |
| **Resulting Guideline Range** | **21-27 months** |

### Argument

**Government's Sentencing Memorandum**                                                                 **Page 3**

### A.     Contested Guideline Issues

This Court should adopt the PSR's guideline calculations. The PSR correctly applies a 2-level enhancement for obstruction based on the defendant's abscond from pretrial supervision. The application of the enhancement in this context is supported by the plain language of the Guidelines, Section 3C1.1, Application Note 4(E). There, the guidelines note "escaping or attempting to escape from custody before trial or sentencing" as one type of conduct that qualifies for the enhancement. Pretrial supervision is a form of custody, even in the absence of a specific custodial location, such as a treatment center, to which the defendant is limited.

The Ninth Circuit directly addressed this issue 32 years ago, concluding that absconding from pretrial supervision merits the obstruction enhancement. *United States v. Draper*, 996 F.2d 982, 986 (9th Cir. 1993). Interpreting Application Note 4(E), the *Draper* court concluded that "custody" includes pretrial supervision because it involves at least "some degree of official control over a defendant" after the defendant has submitted, "willfully or otherwise, to the due process of law . . ." *Draper*, 996 F.2d at 985-86; *see also United States v. Haladjian*, 603 Fed.Appx. 561, 563 (9th Cir. 2015) (rejecting defendant's claim that obstruction enhancement did not apply because defendant did not abscond from custodial treatment facility); *United States v. Avila*, 905 F.2d 295, 297 (9th Cir. 1990) (affirming obstruction enhancement for absconding pretrial supervision and rejecting defendant's claim that his voluntary surrender five months later could mitigate application of enhancement).

Other circuits have long agreed that absconding pretrial supervision merits the obstruction enhancement. *See United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990) (affirming obstruction enhancement for flight from supervision between conviction and sentence); *United*

*States v. McCarthy*, 961 F.2d 972, 979-80 (1st Cir. 1992); *United States v. Shinder*, 8 F.3d 633, 635 (8th Cir. 1993); *United States v. Defeo*, 36 F.3d 272, 277 (2d Cir. 1994).

    **B.**    **Government's Recommended Sentence**

The government recommends a low-end term of imprisonment, plus three years of supervision. The defendant's repeated violations of the law, to include assaultive conduct and delivery of methamphetamine within 1,000 feet of a school, clearly show that he is a danger to the community. His pattern of criminal convictions indicates that he is unlikely to comply with the law. The recommended sentence of 21 months will serve as a period of incapacitation for the defendant and as deterrence for any future illegal reentry.

The government recommends that this court also impose a 3-year period of supervised release. While it is possible that the defendant may attempt to return after serving the sentence that is imposed in this case, a three-year term of supervised release will provide additional oversight and consequences for future violations.

    **C.**    **Restitution & Forfeiture**

Neither forfeiture nor restitution is an issue in this case.

**Conclusion**

Based on the foregoing, the government recommends that this Court impose a sentence of 21 months, to be followed by a 3-year term of supervised release.

Dated: July 31, 2025                         Respectfully submitted,

                                                          SCOTT E. BRADFORD
                                                          United States Attorney

                                                          */s/ Kate A. Rochat*_____
                                                          KATE A. ROCHAT, OSB #184324
                                                          Assistant United States Attorney